# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LEONARD ENGLISH, JR., | DOCKET NUMBERS |
| Appellant, | DE-0752-13-0353-C-1[1] |
| | DE-1221-12-0266-C-1 |
| v. | |
| SMALL BUSINESS | |
| ADMINISTRATION, | DATE: July 23, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Leonard English, Jr., Aurora, Colorado, pro se.

Larry G. Webb and Sherrie Abramowitz, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed petitions for review of the compliance initial decisions, which dismissed the petitions for enforcement as untimely filed. Generally, we grant petitions such as this one only when:  the initial decision

---

[1] We JOIN these cases because they are interdependent and doing so will expedite their processing without adversely affecting the parties' interests.  5 C.F.R. § 1201.36(a)(2).

[2]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review.  Therefore, we DENY the petitions for review and AFFIRM the compliance initial decisions, which are now the Board's final decisions.  5 C.F.R. § 1201.113(b).

¶2      On April 4, 2012, the appellant filed an individual right of action (IRA) appeal alleging that the agency proposed his removal and placed him on administrative leave in retaliation for his alleged whistleblowing activity.  *English v. Small Business Administration*, MSPB Docket No. DE-1221-12-0266-W-1, Initial Appeal File (W-1 IAF), Tab 1.  The administrative judge dismissed the appeal without prejudice pending issuance of *Day v. Department of Homeland Security*, 119 M.S.P.R. 589 (2013), which resolved whether certain provisions of the Whistleblower Protection Enhancement Act, which became effective on December 27, 2012,  applied to cases, such as the appellant's, that were  pending before the Board on its effective date.  W-1 IAF, Tab 24.  On June 28, 2013, while the appellant's IRA appeal was dismissed pending a decision in *Day*, the appellant filed an appeal of the agency's action suspending him.  *English v. Small Business Administration*, MSPB Docket No. DE-0752-13-0353-I-1, Initial Appeal File (I-1 IAF), Tab 1.  On July 9, 2013, while the suspension appeal was pending, the administrative judge sua sponte refiled the IRA appeal.  *English v. Small Business Administration*, MSPB Docket No. DE-1221-12-0266-W-2, Initial

Appeal File (W-2 IAF), Tab 1. On December 21, 2013, the parties signed a settlement agreement resolving all disputed issues in both the IRA and suspension appeals, and they submitted it to the administrative judge for inclusion into the records of the appeals. W-2 IAF, Tab 10; I-1 IAF, Tab 20. The administrative judge issued initial decisions dismissing both appeals as settled and entered the settlement into the appellate records for enforcement purposes. W-2 IAF, Tab 11, Initial Decision; I-1 IAF, Tab 21, Initial Decision.

¶3    On December 8, 2014, the appellant filed petitions for enforcement in both appeals alleging that the agency breached the agreement by failing to place his Fiscal Year (FY) 2013 Annual Performance Review in his official personnel file (OPF). *English v. Small Business Administration*, MSPB Docket No. DE-0752-13-0353-C-1, Compliance Appeal File (CAF), Tab 1.[3] The administrative judge issued show cause orders advising the parties that, because the settlement agreement required that the agency place a FY 13 appraisal in the appellant's personnel record within 60 days, the appellant should have known by February 21, 2014, whether the required document had been added to his OPF, and thus it appeared that the appellant's petitions for enforcement were untimely. CAF, Tab 3. In his responses the appellant acknowledged that, on February 24, 2014, the agency's counsel had sent an email to the appellant's counsel noticing compliance with the settlement agreement. CAF, Tab 4. The appellant also stated that he had contacted the agency on May 1, 2014, and September 24, 2014, about his concerns that his FY 2013 appraisal was not in his electronic OPF. CAF, Tabs 4, 10. The administrative judge found that under these circumstances, where the appellant had actual knowledge that his FY 2013 appraisal had not been uploaded to his electronic OPF by May 1, 2014, he did not exercise due diligence

---

[3] The two compliance appeal files contain different numbers of tabs. All of the documents relevant to the disposition of this petition for review are in the petition for enforcement file with the docket number of the suspension appeal. For ease of reference, all the references to the compliance file in this Final Order are to the file in MSPB Docket No. DE-0752-13-0353-C-1.

in waiting more than 7 months to file his petitions for enforcement, i.e., until December 8, 2014. CAF, Tab 13, Compliance Initial Decision (0353 CID) at 5; *English v. Small Business Administration*, MSPB Docket No. DE-1221-12-0266-C-1, Compliance Appeal File, Tab 9, Compliance Initial Decision (0266 CID) at 4-5. She dismissed the petitions for enforcement as untimely filed. 0353 CID at 5; 0266 CID at 5.

¶4      The appellant has filed identical petitions for review of the compliance initial decisions. Petition for Review File, Tab 1.[4] In his petition, the appellant appears to be contending the administrative judge should have considered his many allegations of what he perceived as agency wrongdoing unrelated to the settlement agreement in determining whether he timely filed his petition for enforcement.

¶5      Any petition for enforcement that is filed more than 30 days after the date of service of the agency's notice that it has complied must contain a statement and evidence showing good cause for the delay and a request for an extension of time for filing the petition. 5 C.F.R. § 1201.182(a). Because an agency is not required to serve a notice of compliance with a settlement agreement, a petition for enforcement of a settlement agreement must be filed within a reasonable time of the date of the alleged breach of the agreement, taking into consideration the date of the petitioning party's knowledge of the alleged breach, and the reasonableness of the time period depends on the particular circumstances of the case. *See Dean v. U.S. Postal Service*, 101 M.S.P.R. 356, ¶ 12 (2006).

¶6      In *Phillips v. Department of Homeland Security*, 118 M.S.P.R. 515, (2012), the appellant filed a petition for enforcement 4 months after she became aware that the agency apparently had breached the settlement agreement. The Board found 4 months was a reasonable delay under the circumstances of that case

---

[4] For ease of reference, all references to the petition for review file in this Final Order are to the file in *English v. Small Business Administration*, MSPB Docket No. DE-0752-13-0353-C-1.

because the appellant had contacted the agency to obtain a copy of her OPF promptly after learning of the apparent breach. The Board concluded that she acted diligently to determine whether the agency had complied with its expungement obligations, and in filing her petition for enforcement within 6 days after receiving her OPF from the agency. *Phillips*, [118 M.S.P.R. 515](#), ¶ 11. Under the circumstances—including the agency's lengthy delay in providing the OPF, which appears to have influenced Appellant Phillips' failure to immediately file her petition—the Board found that the petition for enforcement was filed within a reasonable amount of time. *Id*.

¶7        The appellant's situation differs from that in *Phillips*. He had access to his OPF electronically without any need to make any request to his agency. None of the agency's alleged wrongdoing affected his ability to know for certain of the agency's alleged breach of the settlement agreement. Thus, the agency's actions identified by the appellant do not provide a circumstance that appears to have influenced his 7-month delay in filing his petition for review.

¶8        In *Bostick v. Department of Health & Human Services*, [63 M.S.P.R. 399](#) (1994), the appellant also filed his petition for enforcement 4 months after he apparently learned that the agency breached a settlement agreement by withholding the authority he allegedly needed to perform the duties of his position. *Bostick*, 63 M.S.P.R. at 401. However, he filed a grievance concerning the matter, and he filed his petition for enforcement only 10 days after he received the agency's decision on that grievance. *Id*. The Board noted that generally the pursuit of other avenues of redress, including the grievance process, does not constitute good cause for waiving the Board's filing deadline. *See, e.g.*, *Bachelor v. Department of the Army*, [56 M.S.P.R. 108](#), 110 (1992). However, because the appellant received only the more general information about petitions for enforcement that is provided in cases involving settlement agreements, and not the more specific information provided in other cases, the Board found that he

acted within a reasonable time of the date of the alleged breach. *Bostick*, 63 M.S.P.R. at 410.

¶9      The appellant's situation also differs from that in *Bostick*. Although the appellant states that he filed an equal employment opportunity complaint, a complaint with the Office of Special Counsel, and a complaint with the Inspector General, he does not allege that any of these complaints involved the agency's alleged failure to place his FY 2013 appraisal in his OPF. Thus, they provide no basis to find that the appellant acted within a reasonable time to file his petitions for enforcement. Further, although the appellant received only the more general information about petitions for enforcement that is provided in cases involving settlement agreements, by his own admission, he was familiar with Board proceedings, having filed other Board complaints, a circumstance supporting a finding that the appellant failed to act with due diligence in filing his petitions for enforcement. *Cf. Chudson v. Environmental Protection Agency*, 71 M.S.P.R. 115, 118 (1996) (1-year delay was unreasonable where appellant was an experienced Board litigant and was represented by counsel), *aff'd*, 132 F.3d 54 (Fed. Cir. 1997) (Table).

¶10     In sum, we find that the administrative judge properly dismissed the appellant's petitions for enforcement in these appeals as untimely filed.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                   _____
William D. Spencer
Clerk of the Board

Washington, D.C.